No. 22,333.

RAY LIVINGSTON, *Appellee*, v. J. A. STAUFFER, *Appellant*.

SYLLABUS BY THE COURT.

CONVERSION OF CORN CROP—*Instructions—Verdict Contrary to the Evidence.* The proceedings examined, and held that a verdict returned under proper instructions, but contrary to the evidence, and contrary to the knowledge possessed by the jury in common with the rest of mankind, should be set aside.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed December 6, 1919. Reversed.

*G. W. Hurd, Arthur Hurd,* and *Bruce C. Hurd,* all of Abilene, for the appellant.

*C. S. Crawford,* and *E. S. Crawford,* both of Abilene, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for conversion of corn growing on land sold at sheriff's sale. The plaintiff recovered, and the defendant appeals.

The sale was a partition sale, and was made on July 8, 1918, without any reservation of the crop, or of the right of the plaintiff, having been made by the court. The court instructed the jury that if, at the date of sale, the corn was fully ma-

tured and in condition to be harvested, it was personal property of the grower, and title did not pass by sale of the land on which it stood; but that if the corn was still drawing sustenance from the soil for further growth and ripening, and consequently was not fully matured and ready for harvest, title passed to the purchaser of the land. The court further instructed the jury that it might use the knowledge it possessed in common with mankind, relating to seasons and the growth and maturity of crops, as bearing on the fact in issue, which was the sole matter submitted to the jury for determination.

The instructions were correct. The evidence was that the corn was not mature at the date of sale. The jury knew, in common with the rest of mankind, that the corn was not mature and fit for severance on July 8, 1918. The attorneys for the plaintiff concede that this court knows field corn does not mature so early in the season. Therefore, the verdict is without any support.

Certain matters of estoppel referred to by the plaintiff were not pleaded. No request that they be submitted to the jury is abstracted. They were not submitted to the jury, and there is no cross appeal.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for the defendant.